## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | No. 1:24-cv- |
| 368 WEST RIDGE ROAD, CORNVILLE, MAINE, with all appurtenances and improvements thereon, | |
| Defendant *In Rem*. | |

### VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

Plaintiff, the United States of America, by and through its attorneys, Darcie N. McElwee, United States Attorney for the District of Maine, and Andrew K. Lizotte, Assistant United States Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

### NATURE OF THE ACTION

1.     This is a civil action *in rem* brought to enforce the provisions of 21 U.S.C. § 881(a)(7) and 28 U.S.C. § 2461(a), which provide for the forfeiture of real property[1] used to commit or to facilitate the commission of the crimes of maintaining a drug-involved premises and drug trafficking, in violation of the Controlled Substances Act, 21 U.S.C. § 801, *et seq.*

### JURISDICTION AND VENUE

2.     This Court has *in rem* jurisdiction over the defendant property under 28 U.S.C. §§ 1355(a) and (b). Venue is proper in this district: (a) pursuant to 28 U.S.C. §

---

[1] To include "any right, title, and interest (including any leasehold interest) in the whole of any lot or tract of land and any appurtenances or improvements." 21 U.S.C. § 881(a)(7).

1355(b)(1)(A), because the acts or omissions giving rise to the forfeiture occurred in this district; and (b) pursuant to 28 U.S.C. §§ 1395(b)(1)(B), because the property is located in this district.

**THE DEFENDANT *IN REM***

3.     The defendant *in rem* is real property located at the following Maine address, and is more particularly described in municipal tax records by reference to the map/lot number or parcel ID reflected below and the deed on file at the book/page reflected below at the Somerset County Registry of Deeds:

| Address | City/Town | Owner of Record | Map/Lot or Parcel ID | Deed Book/Page |
|---|---|---|---|---|
| 368 West Ridge Road | Cornville | YULING MEI | 6/101 | 5681/359 |

**STATEMENT OF PROBABLE CAUSE**

4.     The U.S. Drug Enforcement Administration ("DEA") is investigating the defendant *in rem* real property located at 368 West Ridge Road, in Cornville, for being a marijuana-involved premises in violation of 21 U.S.C. § 856(a) and for the related illegal cultivation of marijuana for distribution in violation of 21 U.S.C. § 841(a)(1). The defendant *in rem* real property has been confirmed by the Maine Office of Cannabis Policy as lacking any licensed status under which marijuana could be legally cultivated at or on such premises under Maine state law.

5.     Provided below is a photograph of the defendant *in rem* real property available on a commonly used real estate website,[2] which accurately shows the

---

[2] *See* https://www.redfin.com/ME/Cornville/368-W-Ridge-Rd-04976/home/97716434. Redfin indicates that the property comprises a "[w]ell maintained ranch on 1.38 acres in desirable Cornville. Home boasts an open floor plan with hardwood floors throughout. Beautiful sunroom with atrium doors to a large deck for entertaining. Large master bedroom with storage above." *Id.*

condition and proportions of the property:



6.      A Purchase and Sales Agreement regarding the defendant *in rem* real property shows that the agreement was DocuSigned by YULING MEI on about February 4, 2021, for a contracted sale price of $204,000 cash. On about March 9, 2021, the closing on the defendant *in rem* real property took place in Skowhegan, Maine. On such date, two cashier's checks identifying YULING MEI as remitter were paid for the purchase of the property, comprising a $106,477.30 check and a $93,000.00 check.

7.      A warranty deed for the defendant *in rem* real property recorded with the Somerset County Register of Deeds shows that on about March 9, 2021, the real property was granted to YULING MEI. Town of Cornville Tax Records show YULING MEI as the present owner of the defendant *in rem* real property.

8.      The DEA issued an administrative subpoena to Central Maine Power ("CMP") seeking electrical usage and billing data for the defendant *in rem* real property. Electricity usage and billing records provided by CMP show that YULING MEI became the holder of the account for the property in May 2021, and remained so through January 2024.

9.    The following CMP usage and billing data was shown for the defendant *in rem* real property:

| Month & Year | Power Usage (kWh) | Billed Amount (USD) |
|---|---|---|
| March 2021 | 39 | 12.75 |
| April 2021 | 302 | 51.80 |
| May 2021 | 2,543 | 367.03 |
| June 2021 | not provided | not provided |
| July 2021 | 38,074 | 5,374.45 |
| August 2021 | 19,876 | 3,107.56 |
| September 2021 | 26,086 | 4,134.99 |
| October 2021 | 19,516 | 3,095.95 |
| November 2021 | 21,678 | 3,437.87 |
| December 2021 | 16,710 | 2,652.18 |
| January 2022 | 14,417 | 2,831.16 |
| February 2022 | 24,182 | 5,131.65 |
| March 2022 | 20,230 | 4,294.56 |
| April 2022 | 24,404 | 5,178.68 |
| May 2022 | 20,619 | 4,376.95 |
| June 2022 | 26,967 | 5,721.56 |
| July 2022 | 22,893 | 4,762.56 |
| August 2022 | 27,877 | 5,749.55 |
| September 2022 | 15,144 | 3,127.68 |
| October 2022 | 28,152 | 5,806.18 |
| November 2022 | 27,148 | 5,599.44 |
| December 2022 | 33,604 | 6,928.81 |
| January 2023 | 29,584 | 7,309.22 |
| February 2023 | 32,210 | 8,471.87 |
| March 2023 | 28,374 | 7,464.04 |
| April 2023 | 27,309 | 7,184.23 |
| May 2023 | 28,196 | 7,417.27 |
| June 2023 | 27,640 | 7,271.19 |
| July 2023 | 27,299 | 7,185.71 |
| August 2023 | 29,438 | 7,577.33 |
| September 2023 | 30,505 | 7,851.35 |
| October 2023 | 31,473 | 8,099.93 |
| November 2023 | 30,743 | 7,912.47 |
| December 2023 | 36,210 | 9,316.44 |
| January 2024 | 28,359 | 6,077.13 |

10.    Large amounts of electrical power are needed in support of indoor marijuana cultivation, due to the use of artificial lighting, heat pumps, distribution fans, air conditioners and humidifiers. The electrical consumption for the defendant *in*

*rem* real property, as detailed above, was consistent with large-scale illegal marijuana cultivation.[3]

11.     On January 17, 2024, law enforcement officers employed by the Somerset County Sheriff's Office ("SCSO") executed a state search warrant at the premises of the defendant *in rem*, with support provided by DEA and other federal investigative agencies.

12.     Upon entering the premises on January 17, 2024, federal and state investigators found YULING MEI present, along with two other individuals. Household bills, prescription medication, and banking records bearing YULING MEI's name and the address of the defendant *in rem* property were found as well. A bedroom with YULING MEI's apparent clothing and belongings also was located within the premises.

13.     The SCSO, with federal investigators present in a support capacity, discovered a marijuana growing operation at the defendant *in rem* real property, comprising several rooms appearing to be used at various stages of the marijuana growing cycle. Nearly the entire house had been transformed into an illegal marijuana growing facility. In the basement there were several tables with plastic tubs that were empty, with grow lights hanging above them and a watering system in place. In another room of the basement there were marijuana plants growing, with grow lights and an automatic watering system. Upstairs in where the garage area would have been, were several hundred marijuana plants. The garage also was completely converted into an illegal marijuana growing operation.

---

[3] For comparison, according to the Energy Information Administration, the average U.S. household consumes about 10,500 kilowatthours of electricity per year (https://www.eia.gov/energyexplained/use-of-energy/electricity-use-in-homes.php), or roughly 875 kilowatthours per month.

14.     In another room off from the kitchen was an additional grow room in which marijuana was growing, which had been completely converted for that purpose. In another room, next to the master bedroom, was a smaller room that appeared to be used for the processing and drying of marijuana, inside of which were located two large black storage containers filled with marijuana buds.

15.     In total, more than ninety (90) pounds of processed marijuana and 700 marijuana plants were seized by SCSO personnel from within the defendant *in rem* property.

16.     Therefore, YULING MEI and others operated an illegal marijuana grow at and within the defendant *in rem* property located at 368 West Ridge Road, Cornville. The defendant *in rem* property was knowingly used and maintained for the purpose of manufacturing and distributing marijuana. YULING MEI further managed and controlled the defendant *in rem* property as an owner and occupant and knowingly and intentionally profited from and made available for use the place for the purpose of unlawfully manufacturing, storing, and distributing marijuana.

## **BASIS FOR FORFEITURE**

17.     21 U.S.C. § 881(a)(7), which provides for the forfeiture of real property used, or intended to be used, in any manner or part to commit or to facilitate the commission of the crimes of maintaining a drug-involved premises and drug trafficking, in violation of the Controlled Substances Act, 21 U.S.C. § 801, *et seq.*

18.     28 U.S.C. § 2461, which allows for the civil forfeiture of forfeitable property.

## **CONCLUSION**

19.     The United States does not request authority from the Court to seize the defendant *in rem* at this time. The United States will, as provided by 18 U.S.C. §§ 985(b)(1) and (c)(1):

       a.     Post notice of this action and a copy of the Complaint on the defendant *in rem* property;

       b.     Serve notice of this action on the defendant *in rem* property's owner, and any other person or entity who may claim an interest in the defendant *in rem* property, along with a copy of this Complaint;

       c.     Seek issuance by the Court and execution of a writ of entry for the purpose of conducting an inspection and inventory of the defendant *in rem* property, as permitted by 18 U.S.C. §§ 985(b)(2) and 983(j)(1); and

       d.     File a *lis pendens* in county records of the defendant *in rem* property's status as a defendant in this *in rem* action, as permitted by 18 U.S.C. § 985(b)(2).

WHEREFORE, the plaintiff respectfully asserts that there is probable cause to believe that the defendant *in rem* property is forfeitable to the United States under 21 U.S.C. § 881(a)(7) and 28 U.S.C. § 2461 and requests:

       a.     That the Court decree that the forfeiture of the defendant *in rem* property to the United States under 21 U.S.C. §  881(a)(7) and 28 U.S.C. § 2461 is confirmed, enforced, and ordered;

       b.     That the Court thereafter order that the United States Marshal, or his delegate or designee, dispose of the defendant *in rem* property as provided by law; and

c.      That the Court award Plaintiff United States all other relief to which it is entitled, including the costs of this action.

Dated at Bangor, Maine this 9th day of May, 2024.

Respectfully submitted,

DARCIE N. MCELWEE
United States Attorney

/s/ ANDREW K. LIZOTTE
Andrew K. Lizotte
Assistant U.S. Attorney
United States Attorney's Office
202 Harlow Street
Bangor, Maine 04401
(207) 262-4636
Andrew.Lizotte@usdoj.gov

## VERIFICATION

Jonathan Richards, being duly sworn, deposes and says that I am a Task Force Officer with the U.S. Drug Enforcement Administration and as such have responsibility for the within action, that I have read the foregoing complaint and know the contents thereof, and that the same is true to the best of my knowledge, information and belief.

The sources of my information and the grounds of my belief are official records and files of the United States and information obtained by me during an investigation of alleged violations of Title 21 of the United States Code.


 /s/ Jonathan Richards
Jonathan Richards
Task Force Officer
U.S. Drug Enforcement Administration


STATE OF MAINE
Penobscot, ss.

Subscribed and sworn to before me this 9th day of May 2024.

/s/ Tamara T. Redmond
Notary Public
My commission expires:  09/16/2025


**Tamara T. Redmond**
**Notary Public,** State of Maine
**My Commission** Expires September 16, 2025